EQUITABLE CONSTRUCTION AND MORTGAGE
CORPORATION *v.* SNIP

1. PLEADING — PARTIES — CONTRACTS — COUNTERCLAIM — ANSWER — ADMISSIONS.

Denial of motion by plaintiffs seeking to discharge a mechanic's lien against their property to dismiss a counterclaim by defendant for money due on a construction contract as to all of the natural persons who were plaintiffs, leaving only a corporate plaintiff as counterdefendant, was proper where the first paragraph of the counterclaim stated that "defendant and plaintiffs entered into a contract" and this allegation was admitted in plaintiffs' answer to the counterclaim.

2. PLEADING — COUNTERCLAIM — ANSWER — ADMISSIONS — AMENDMENT TO CONFORM TO PROOFS.

Denial of motion by plaintiffs seeking to discharge a mechanic's lien on their property to amend their answer to defendant's counterclaim for money due on a construction contract to conform to the proofs was proper where plaintiffs' answer to

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Dismissal, Discontinuance and Nonsuit §§ 53, 55, 69, 71.
[2] 47 Am Jur, Setoff and Counterclaim §§ 99, 101.
41 Am Jur, Pleading §§ 309, 310.

defendant's counterclaim admitted the allegations in the counterclaim and therefore relieved defendant of the burden of offering any proof to support the allegations.

Appeal from Wexford, William R. Peterson, J. Submitted Division 3 April 8, 1969, at Lansing. (Docket No. 4,332.) Decided May 29, 1969. Leave to appeal denied January 20, 1970. See 383 Mich 758.

Complaint by Equitable Construction and Mortgage Corp., a Michigan corporation, John R. Nichols, Patricia L. Nichols, Joseph Calderone, Jr., and Margaret Calderone against Donald J. Snip, doing business as Snip Drywall Company, to discharge a mechanic's lien. Defendant counterclaims for money due on the construction contract. Judgment for defendant on counterclaim. Plaintiffs appeal. Affirmed.

*Stiles & Fowler,* for plaintiffs.

BEFORE: J. H. GILLIS, P. J., and LEVIN and BRONSON, JJ.

J. H. GILLIS, P. J. Plaintiffs filed suit on July 12, 1966, to discharge a mechanic's lien asserted by defendant against their property. The lien resulted from alleged nonpayment for construction work performed by defendant on plaintiffs' apartment building.

On August 8, 1966, defendant answered the complaint and entered a counterclaim against plaintiffs for the amounts due him for the construction work. The first paragraph of the counterclaim reads as follows:

"1. On January 3, 1966, defendant and plaintiffs entered into a contract whereby the defendant would

furnish labor, services and materials on two apartment units for the plaintiffs for a total contract price of $13,182.80."

In the addendum clause defendant requested a judgment against plaintiffs, individually and severally.

The first paragraph of plaintiffs' answer to defendant's counterclaim stated:

"Plaintiffs admit those allegations contained in paragraph 1 of defendant's counterclaim."

At trial, after all of the evidence had been presented, plaintiffs moved to have the counterclaim dismissed as to all of them except the corporation. A motion was also made to amend plaintiffs' pleadings to conform to the evidence which, they alleged, established that defendant had contracted solely with the corporation and that therefore only the corporation could be liable to defendant.

The trial court denied plaintiffs' motions and after a jury verdict in favor of defendant, judgment was entered against all plaintiffs. On appeal, plaintiffs contend that the trial court's denial of their motions was error.

We concur in the trial court's denial of plaintiffs' motion and his reasons therefor.

In denying the motion to dismiss the counterclaim as to the individual plaintiffs, the trial court focused on the admission in plaintiffs' answer to defendant's affirmative allegation that all plaintiffs entered into a contract with defendant. The trial court reasoned further that even if plaintiffs had wished to deny the allegation, GCR 1963, 111.4 requires the substance of the matters relied upon in support of the denial to be pleaded with some particularity.

As for the motion to amend the answer to conform to the proofs, GCR 1963, 118.3 provides, "When issues not raised by the pleadings are tried by ex-

press or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." The issue of who the parties to the contract were was not only raised in the pleadings but plaintiffs' admission relieved defendant from offering any proof to support his allegation. The trial court was correct in ruling that the issue was not tried by express or implied consent.

Affirmed.

All concurred.